Filed 4/29/14  P. v. Gutierrez CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JUAN GUTIERREZ,<br><br>    Defendant and Appellant. | G048456<br><br>(Super. Ct. No. 12CF0149)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Daniel Barrett McNerney, Judge.  Affirmed.

Cindy Brines, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Stacy Tyler, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

A jury convicted defendant Juan Gutierrez of committing false imprisonment (Pen. Code, § 236; all statutory references are to the Penal Code unless noted) and assault with a deadly weapon (§ 245, subd. (a)(1)). The jury also found he personally used a deadly weapon (§ 12022, subd. (b)(l)) during the false imprisonment offense. Gutierrez contends the trial court violated section 654 by imposing a consecutive four-month term for the weapon use enhancement. For the reasons expressed below, we affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

Shortly after midnight on January 14, 2012, Nicole S. attended an outdoor "factory" party in Santa Ana with her cousin Ashley L. and other friends. A total of 50-60 people had gathered, drinking, smoking, and listening to music. Nicole S., Ashley L., and a few friends stood in the parking area when Gutierrez, previously yelling at no one in particular, walked up to Nicole S. and said angrily, "Somebody did him dirty." He held a machete against his leg. Nicole S. tried to back away but he laid the machete on her shoulder, asked where she was going, and told her she could not go anywhere.

Ashley L. yelled at Gutierrez, and he went toward her with the machete raised. Nicole S. moved to protect Ashley L. and told Gutierrez to leave her alone. Gutierrez "just kept saying . . . random things." Other partygoers tried to intervene, but he swung the machete toward their faces. Gutierrez then tried to pull Nicole S.' friend Sergio out of Ashley L.'s car. Nicole S. told Gutierrez not to touch Sergio. Gutierrez ranted he had no friends and did not trust anyone. Nicole S. attempted to enter on the car through the passenger side door, but Gutierrez hit the door with the machete and again told Nicole S. "wasn't going to go anywhere." He rested the machete on the hood of the car, and kept Nicole S. and her friends at bay for almost half an hour.

2

As a ploy to escape, Nicole S. suggested they all go to a nearby taco shop. Gutierrez agreed. Ashley L. yelled at Gutierrez to leave Nicole S. and the others alone. Gutierrez asked, "Why does everybody want to leave?" Ashley L. responded, "You are freakin' standing there with a machete." Gutierrez "went towards" Ashley L. and said he was going to "chop her up." Nicole S. said, "Please don't[.] . . . [L]eave her alone and . . . take me instead." Gutierrez said, "Okay," walked up to Nicole S., put the machete against her stomach, put his hand on her waist, and walked her to his truck.

Gutierrez told Nicole S. to get in the driver's seat of his truck. He then climbed over her into the passenger seat. Holding the machete next to his leg, he directed Nicole S. to drive to the taco shop. A security guard pulled up in a truck and said something. Gutierrez yelled "F you." The guard exited his truck and approached. Gutierrez told Nicole S., "Watch this. I'm going to hit him with [the machete]." Nicole S. drove away fearing Gutierrez would hurt the guard. Ashley L. followed in her car.

While Nicole S. drove, Gutierrez moved the machete back and forth across her stomach. He touched Nicole S.' inner thigh, grabbed her face and kissed her, putting his tongue in her mouth. He told her if she "tried to do anything," he would "chop her up." Gutierrez advised he was going to rape her and leave her "chopped up."

Police officers responded and signaled for Gutierrez's truck to pull over. Nicole S. stopped the vehicle and ran towards the officers, screaming, "Help me." The officers found the machete on the back seat. At the police station, Gutierrez initially denied any involvement in the incident, but later admitted he had a machete and placed it on the ground, but denied putting the machete against Nicole S.' stomach. Nicole S. did not tell the officers Gutierrez touched her or that he threatened to rape her because she felt disgusted.

3

II

DISCUSSION

As noted above, the jury convicted Gutierrez of false imprisonment and found he personally used a deadly weapon during the offense, and also convicted him of assault with a deadly weapon.

At sentencing, Gutierrez argued the trial court should stay the term for the weapon enhancement under section 654 because use of the weapon formed part of an indivisible course of conduct and therefore constituted one criminal act. The trial court disagreed, remarking that the offenses were separate and distinct, and Gutierrez committed the assault with a deadly weapon before he falsely imprisoned Nicole S. in the car. The court imposed a four-year term for the assault with a deadly weapon, a consecutive sentence of eight months (one-third the midterm) for false imprisonment, and a consecutive four-month (one-third the midterm) for the weapon enhancement. Gutierrez contends the trial court erred in focusing on the temporal separation between the two offenses, arguing "[b]oth the assault with a deadly weapon and the personal use enhancement on the false imprisonment offense arose out of the same objective, using the machete to force Nicole S. to comply with his demands." We disagree.

Section 654 provides: "(a) An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision." Section 654 applies where a single act violates more than one statute. (*Neal v. State of California* (1960) 55 Cal.2d 11, 20 (*Neal*).) Section 654 also bars multiple punishments where a course of conduct violating more than one statute constitutes an indivisible transaction. (*People v. Saffle* (1992) 4 Cal.App.4th 434, 438.) Whether a course of conduct is a divisible transaction depends on the intent and objective of the actor. (See *People v. McFarland* (1962) 58 Cal.2d 748, 762 [defendant who enters a building with the intent to commit theft and

4

thereafter steals property can be punished only for the greater of the two offenses committed because defendant's single objective was to steal property]; *People v. Latimer* (1993) 5 Cal.4th 1203, 1215 (*Latimer*) [judicially created "'indivisible course of conduct'" rule allows separate punishment only if the defendant acted with a separate criminal objective or intent with respect to each "act or omission"].)  Where all the acts and offenses are "merely incidental to, or were the means of accomplishing or facilitating one objective, [the] defendant may be found to have harbored a single intent and therefore may be punished only once." (*People v. Harrison* (1989) 48 Cal.3d 321, 335; *Neal, supra,* 55 Cal.2d at p. 19.)  The purpose of section 654 is to ensure that a defendant's punishment is commensurate with culpability and that punishment is not imposed more than once for what is essentially one criminal act.  (See *Latimer, supra,* 5 Cal.4th at p. 1211.)  We uphold the trial court's express or implied findings under section 654 if supported by substantial evidence.  (*People v. Osband* (1996) 13 Cal.4th 622, 730.)

Here, the trial court reasonably could find Gutierrez harbored multiple criminal objectives.  Initially, Gutierrez assaulted Nicole S. with the weapon to prevent her from leaving, then used the weapon to assault Ashley L. and prevent others from intervening or leaving the area.  Gutierrez again wielded the machete to force Nicole S. into his truck, and then used it for the separate purpose of sexually molesting Nicole S..  Substantial evidence therefore supports the trial court's determination Gutierrez held separate and distinct objectives when he initially assaulted Nicole S. and later forcibly restraining her in his truck so he could sexually assault her.  Accordingly, the court did not violate section 654 by imposing separate punishment for the use of a deadly weapon.

## III

### DISPOSITION

The judgment is affirmed.


ARONSON, J.

WE CONCUR:


MOORE, ACTING P. J.


IKOLA, J.